JS6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01407-DOC-MAAx            Date: June 28, 2024

Title: TIGRAN PETROSYAN V. BMW FINANCIAL SERVICES NA, LLC ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby REMANDS this case to the Superior Court of California, County of Orange.

## I.  Background

Plaintiff Tigran Petrosyan leased a 2019 BMW M850i xDrive Coupe (the "Vehicle") from Defendants BMW Financial Services NA, LLC ("BMW") and Shelly Automotive, LLC ("Shelly"). Complaint ("Compl.") (Dkt. 1-1) at 1. Plaintiff alleges that Defendants induced them to enter into a lease. *Id.* The lease stated that in the event of a total loss, Defendant BMW could collect the insurance payment. *Id.* Defendants assured Plaintiff that the financial obligation in the lease would not "exceed the down payment, monthly payments, and the lease end fee." *Id.* Based on this assurance, Plaintiff believed they could purchase the Vehicle at any time for the remaining balance on the lease account, and also keep any value above that balance as equity. *Id.* The Vehicle was deemed a total loss after a collision, and Defendants claimed they had to collect the payments issued from the insurance company. *Id.* Plaintiff continued making payments after the total loss to maintain his credit history, while Defendants refused to return the payments to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01407-DOC-MAAx                                   Date: June 28, 2024

Page 2

Plaintiff sued Defendants in Orange County Superior Court, alleging two violations of contract common law, one violation of Business & Professions Code § 17200, et seq. and one violation of § 17500, et seq., and one violation of the California Consumer Legal Remedies Act. *See generally id.* Defendant Shelly was dismissed from the case on April 15, 2024. Notice of Removal ("Notice" or "Not.") (Dkt. 1) ¶ 1. On the same day, Plaintiff added Irvine Eurocars, LLC as a defendant, but dismissed them from the action on May 29, 2024. *Id.* The remaining Defendant BMW removed the case to this Court on June 25, 2024, asserting that this Court has diversity jurisdiction. *Id.* ¶ 3.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

For purposes of calculating the amount in controversy, the district court has discretion in whether to consider a plaintiff's potential punitive damages and potential award of attorneys' fees. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (attorneys' fees). Generally, a removing defendant must prove by

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-01407-DOC-MAAx　　　　　　　　　　　　　　Date: June 28, 2024

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); Crum v. Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

　　　A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount less than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

　　　While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id.* Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

　　　If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01407-DOC-MAAx                                      Date: June 28, 2024

                                                                              Page 4

*Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, id., or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction sua sponte. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.    Discussion

Defendant argues that the Court has diversity jurisdiction in this case because diversity of citizenship exists and the amount in controversy exceeds $75,000. Not. ¶ 7. The Court disagrees.

Here, the actual damages is the equity and monthly payments Plaintiff claims, which is equal to $28,097.27. Compl. at 38. Thus, $28,097.27 is at issue in this suit.

To reach the $75,000 jurisdictional threshold, Defendant argues that the Court should include punitive damages and costs to the total amount of $281,593.53. Not. ¶ 7. This Court does not, however, include such speculative awards when calculating the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Therefore, this Court does not have diversity jurisdiction over this case.

When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066-67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992). Here, while the Court finds that removal was improper, the Court concludes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01407-DOC-MAAx                        Date: June 28, 2024

Page 5

that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is nearly 100% (*i.e.*, prices have almost doubled). Thus, adjusted for inflation, the amount in controversy should be around $150,000. Stated conversely, a case worth $75,000 in 1996 is worth only $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-01407-DOC-MAAx					Date: June 28, 2024

Page 6

### IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11						Initials of Deputy Clerk: kdu

CIVIL-GEN